**STATE of Tennessee, Petitioner,**

**v.**

**Jimmy Joe GILLEY, Respondent.**

Supreme Court of Tennessee.

Nov. 18, 1974.

R. A. Ashley, Jr., Atty. Gen., & Reporter, William J. Haynes, Jr., Asst. Atty. Gen., Nashville, for petitioner.

George E. Mudter, Jr., Nashville, for respondent.

## OPINION

BROCK, Justice.

On April 28, 1971, the Respondent entered a plea of guilty to one charge of armed robbery and three charges of third degree burglary in the Criminal Court for Davidson County, Tennessee, and received combined sentences totaling thirteen years imprisonment in the penitentiary. Thereafter on May 14, 1973, the Respondent filed a Petition for habeas corpus in the Criminal Court for Davidson County, Tennessee, which thereafter was amended to seek relief under the Post-Conviction Procedure Act, T.C.A. 40–3801 et seq. The Petition made the assertion that the pleas of guilty entered by the Respondent were involuntary by reason of the ineffectiveness of Court-appointed counsel. The Attorney General filed an answer, but did not attach to it the transcript or other record of the proceedings wherein the pleas of guilty were entered and the sentences rendered. After an evidentiary hearing, the trial court entered an order denying the petition for post-conviction relief and made an express finding that the pleas of guilty had been entered by the Respondent knowingly and voluntarily. In said order the Court recited,

"Petitioner having heretobefore (sic) filed a petition for the writ of Habeas Corpus, counsel having been appointed, hearing conducted, and a copy of the transcript of the proceedings of April 28, 1971, made a part of this order, . . ."

The respondent appealed to the Court of Criminal Appeals and that Court in a two to one decision reversed the judgment of the trial court and remanded for a new hearing because, in the opinion of the Court of Criminal Appeals, the record was insufficient for making a determination of the merits presented by the petition. The Court of Criminal Appeals held that the District Attorney General had failed to perform his duties as set out in T.C.A. Sec. 40–3814 and that the trial court had failed in its duty as specified in T.C.A. Sec. 40–3818. The State has filed a Petition for Certiorari in this Court, assigning as error that the Court of Criminal Appeals erred in holding that the record in this cause was insufficient for appellate review of the trial court's judgment and that the Court of Criminal Appeals erred in its finding that the trial court failed to comply with T.C.A. Sec. 40–3818. It is the State's contention that the Court of Criminal Appeals should have issued an order for diminution of the record so that a transcript of the proceedings on April 28, 1971, in the Criminal Court at which the pleas of guilty were entered and the sentences imposed could be sent up with the remainder of the record and the merits of the petition be adjudicated without a new hearing in the trial court.

■ We are of the opinion that a remand for diminution of the record will not cure the error in this case. Such a remand merely permits the Clerk of the trial court to forward to the appellate court some document which was actually made a part of the technical record in the trial court, but inadvertently omitted from the transcript. In this case, it appears to us that the crucial documents were never made a part of the technical record by the trial court.

■ T.C.A. Sec. 40–3814 provides, in pertinent part, as follows:

"If the petition does not include the records or transcripts, or parts of records or transcripts that are material to the questions raised therein, the district attorney general is empowered to obtain them at the expense of the state and

shall file them with the responsive pleading or within a reasonable time thereafter."

We agree with the Court of Criminal Appeals that the quoted statutory provision is not merely directory but imposes upon the District Attorney General the mandatory duty to file the records or transcripts or parts thereof that are material to the questions raised by the Petition for Post-Conviction Relief. The record before us fails to disclose that this mandatory duty was performed. The record on appeal before us does not contain any record or transcript of the proceedings in the Criminal Court on April 28, 1971, at which time the pleas of guilty were entered and the sentences imposed. We are unable to agree with the insistence of the State that the above-quoted excerpt from the Order of Dismissal by the trial Court is sufficiently descriptive and definite to bring into the technical record the transcript of the guilty plea hearing or the minutes of the Criminal Court supporting said pleas of guilty. Of course, it is obvious that said transcript and record "are material to the questions raised." We agree with the conclusion of the Court of Criminal Appeals that the record on appeal is too inadequate to permit an adjudication of the merits of the Petition for Post-Conviction Relief. Therefore, the State's first assignment of error is overruled.

■ The State also assigns as error the action of the Court of Criminal Appeals holding that the Order of the trial Court dismissing the petition failed to comply with T.C.A. Sec. 40–3818. Said code section provides, in pertinent part,

"Upon the final disposition of every petition, the Court shall enter a final order, and except where proceedings for delayed appeal are allowed, shall set forth in the order or a written memorandum of the case all grounds presented and shall state the findings of fact and conclusions of law with regard to each such ground."

Again, we concur with the Court of Criminal Appeals that the duty imposed upon the trial Court to "state the findings of fact and conclusions of law with regard to each such ground" is mandatory. In its final order dismissing the petition, the trial Court stated:

"From all of which the Court finds that the petitioner knowingly waived his right to a trial by jury and entered into an agreed settlement of his cases on April 28, 1971, adequately represented by counsel, and did knowingly waive his rights and did voluntarily enter pleas. Therefore, it is accordingly ordered, adjudged, and decreed that this petition for the writ of habeas corpus be and the same is hereby denied."

The Court made no other findings of fact or conclusions of law. Again the State insists that the trial Court in said dismissal order incorporated by reference the transcript of the proceedings in the Criminal Court on April 28, 1971, and that, therefore, the findings of fact of the trial Court were sufficient. Of course, this insistence of the State must fail because we have concluded as hereinabove stated that the order of the trial Court dismissing the petition is ineffective to bring into the record the transcript of the proceedings in the Criminal Court on April 28, 1971, at which time the Respondent's pleas of guilty were entered and his sentences imposed. Therefore, we concur in the holding of the Court of Criminal Appeals that the final order of the trial Court fails to contain specific findings of fact and conclusions of law as required by T.C.A. Sec. 40–3818. Hence, this assignment of error by the State must also be overruled.

We affirm the judgment of the Court of Criminal Appeals reversing the judgment of the trial Court and remanding this cause to the trial Court for a new hearing upon the Petition for Post-Conviction Relief.

FONES, C. J., and COOPER, HENRY, and HARBISON, JJ., concur.