Theodore GRANT, Petitioner,

v.

STATE of Tennessee, Respondent.

Court of Criminal Appeals of Tennessee.

Dec. 17, 1975.

Harry F. Burnette, Chattanooga, for petitioner.

R. A. Ashley, Jr., Atty. Gen., Bart Durham, Asst. Atty. Gen., Thomas J. Evans, Asst. Dist. Atty. Gen., Chattanooga, for respondent.

## OPINION

WALKER, Presiding Judge.

After an evidentiary hearing, the trial judge found to be without merit all Grant's claims for postconviction relief and dismissed his petition. We agree and affirm the dismissal.

Grant is serving a life sentence for rape. On his direct appeal we affirmed his conviction in an unpublished opinion released at Knoxville (*William Eric Bell and Theodore Grant v. State*; cert. denied as to Grant February 19, 1974).

■ The petitioner's principal complaint challenges the effectiveness of his appointed counsel. That attorney testified and the trial judge's findings of effective counsel are fully sustained by the proof in accordance with the standards of *Baxter v. Rose,* Tenn., 523 S.W.2d 930. His first counsel, Honorable Roy Scruggs, died and Honorable J. L. Bailey, Jr., was appointed to replace him. Mr. Bailey obtained previous counsel's file, visited the petitioner three times in jail, conferred numerous times with his wife and his witnesses. There is no merit in the contention that counsel failed to subpoena any witnesses the petitioner wanted.

■ At the trial his counsel challenged the preindictment lineup and questioned it in his motion for a new trial. In view of *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411, he could hardly be held incompetent for failing to assign it as error on appeal. We reviewed the evidence carefully on appeal and found no constitutional error.

■ On direct appeal we considered the failure of the trial judge to furnish Grant a transcript of a habeas corpus hearing. Although it is not clear what the petitioner claims occurred at his habeas corpus hearing, the pleadings indicate that it was a hearing on the question of bail and that petitioner was represented by his first counsel. In this proceeding he complains that counsel should have appealed that proceeding in order to get a transcript so he could see if there was any conflict in the testimony of the witnesses. For that failure he says counsel was incompetent. We find no ineffectiveness of counsel for his failure to use this method to obtain a transcript.

■ Likewise without merit is the claim that Judge Hinson should not have heard this proceeding because he had heard the early habeas corpus petition. Judge Grant was the trial judge at the conviction but had retired at the time of this proceeding and the Chief Justice designated Judge Hinson to hear it.

Petitioner's counsel called this question to the attention of Judge Hinson, remarking, "This may be a case that someone else should rule on, but we can continue as you will, . . ." We think he acquiesced in Judge Hinson hearing the case. In any event there was no prejudice to the petitioner by Judge Hinson's hearing the case.

■ In his order of dismissal, the trial judge held it was unnecessary to set forth in his order his findings of fact and conclusions of law when he gave his reasons in open court. In *State v. Gilley,* Tenn., 517 S.W.2d 7, our Supreme Court stressed the importance of explicit findings of fact and conclusions of law in final orders dismissing petitions. The better practice is to place the findings of fact and conclusions of law in the final order on the minutes.

All assignments of error are overruled and the judgment is affirmed.

GALBREATH and DUNCAN, JJ., concur.