Jimmy Carl **VAN HOOSE** and Richard Lurton Self, Appellants,

v.

**STATE of Tennessee, Appellee.**

No. 81–61–III.

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 30, 1981.

William R. Goodman, III, Springfield, for appellant Van Hoose.

Clyde W. Richert, III, Springfield, for appellant Self.

William M. Leech, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, L. Ray Whitley, Dist. Atty. Gen., Springfield, for appellee.

## OPINION

DUNCAN, Judge.

The appellants, Jimmy Carl Van Hoose and Richard Lurton Self, appeal the trial court's dismissal of their post-conviction relief petitions.

Each appellant is serving a one (1) year penitentiary sentence for escaping from the Robertson County Jail. Both escaped together and both pled guilty on August 28, 1979. Subsequently, each appellant filed a petition for post-conviction relief and later, each petition was amended by appellants' counsel. The trial court held an evidentiary hearing on the petitions at the same time, and the petitions have been consolidated for appeal.

The appellants, in their petitions and at the evidentiary hearing, claimed that they were denied effective assistance of counsel at their trial, asserting that their counsel failed to advise them of the consequences of their guilty pleas and did not advise them of their trial and appellate rights. They contended that their guilty pleas were not knowingly, intelligently and voluntarily entered. In addition to other complaints, they insisted that they were never apprised of the fact that their sentence would be served consecutive to their prior sentence. Self contended that his plea of guilty was induced by improper promises made to him by the Robertson County jailer, and further stated that when he was before the trial judge, he did not in fact enter a plea of guilty. The appellants contended that they did not sign any waiver of jury or plea of guilty forms.

In addition to the appellants' testimony, the trial court heard testimony from the appellants' original trial attorney and the Robertson County jailer about the manner in which the appellants' guilty pleas were entered.

The appellants' trial attorney testified that he properly advised them of their trial and appellate rights. The Robertson County jailer denied that he made any improper promises to Self. There was some indication that the appellants had executed plea of guilty forms, but if so, such had apparently been misplaced because there were no signed forms in the appellants' files.

Obviously, the crux of the appellants' complaints is whether they knowingly, intelligently and voluntarily entered their pleas of guilty, and the resolution of this question could have been readily made by a reference to a transcript of the guilty plea hearing. However, a transcript of this hearing was not introduced at the evidentiary hearing. In the absence of this transcript, we are unable to determine if the appellants' pleas of guilty were entered in accordance with the mandates of Rule 11 of the Tennessee Rules of Criminal Procedure and of *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977). The testimony in the present record is insufficient to show that there has been a compliance with these mandates.

For the above reasons the judgment is reversed, and the case is remanded to the trial court for a new hearing so that an adequate and full determination may be had on a complete record. *See State v. Gilley*, 517 S.W.2d 7 (Tenn.1974). Upon the final disposition of the petition, the trial court shall include in its order or in a written memorandum its findings of fact and conclusions of law with regard to each ground presented, as required by T.C.A. § 40–3818. *See State v. Gilley, supra,* and *Grant v. State*, 542 S.W.2d 626 (Tenn.Cr. App.1975). Either party that may be aggrieved by the trial court's final ruling shall have the right to appeal said ruling to this Court, all in accordance with the Tennessee Rules of Appellate Procedure.

WALKER, P. J., and SCOTT, J., concur.