STATE of Tennessee, Appellee,

v.

Donald CRAVEN, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Sept. 2, 1982.

William M. Leech, Jr., Atty. Gen., Ann Lacy Johns, Asst. Atty. Gen., Nashville, Charles S. Ramsey, Dist. Atty. Gen., C. Michael Layne, Asst. Dist. Atty. Gen., Manchester, for appellee.

B. Timothy Pirtle, McMinnville, for appellant.

## OPINION

WALKER, Presiding Judge.

Donald Craven has appealed from the trial court's order dismissing his petition for postconviction relief. He has presented two issues for review. In his first issue, appellant contends that the trial court's order must be reversed because the district attorney general failed to comply with the provisions of TCA 40–3814. That statute states, in part:

> "If the petition (for postconviction relief) does not include the records or transcripts, or parts of records or transcripts that are material to the questions raised therein, the district attorney general is empowered to obtain them at the expense of the state and *shall file them with the responsive pleading or within a reasonable time thereafter.*)" (emphasis added)

The district attorney general did not file the record and transcripts pertaining to the four felony charges to which appellant pleaded guilty, despite the fact that appellant's pro se petition did not include these items. Appellant's petition alleged that his pleas of guilty were involuntary because he had been denied effective assistance of counsel and because he was mentally incompetent when he entered the pleas. In similar circumstances, the provisions of TCA 40–3814 have been held to be mandatory and not merely directory, warranting a re-

versal of the trial court's order overruling a petition for postconviction relief. *State v. Gilley,* 517 S.W.2d 7 (Tenn.1974); *Van Hoose v. State,* 634 S.W.2d 618 (Tenn.Cr. App.1981). Thus, we find merit in appellant's first issue and reverse the trial court's order and remand the case for another evidentiary hearing after the district attorney general has complied with TCA 40–3814. *State v. Gilley,* supra.

In view of our disposition of the first issue, we do not address appellant's second issue. However, we note:

> "While the trial judge's order and his remarks are more or less a finding of fact, *we call attention to the necessity for explicit findings of fact and conclusions of law on all grounds presented as required by TCA 40–3818."* Garrett v. State, 530 S.W.2d 98, 100 (Tenn.Cr.App. 1975) (emphasis added)

We further note that the appellant's trial attorney did not testify in the case although the state did file a copy of his claim for payment of attorney's fees to show the number of hours service he claimed in the case. When counsel is challenged as ineffective and a postconviction relief hearing is held, the state should present the attacked counsel to show what occurred. *Garrett v. State,* supra. The record shows that the attorney was out of town on the day of the hearing. The case should have been recessed until a later day for the taking of his testimony. On retrial the state should call the attorney to testify.

The judgment is reversed and remanded to the trial court for a new hearing so that an adequate and full determination may be had on a complete record. See *State v. Gilley,* supra. Upon the final disposition of the petition, the trial court shall include in its order or in a written memorandum its findings of fact and conclusions of law with regard to each ground presented, as required by TCA 40–3818. See *State v. Gilley,* supra, and *Grant v. State,* 542 S.W.2d 626 (Tenn.Cr.App.1975). Either party that may be aggrieved by the trial judge's final ruling shall have the right to appeal said ruling to this court, all in accordance with the Tennessee Rules of Appellate Procedure.

DWYER and DUNCAN, JJ., concur.