**Donald Ray TURNER and Glenn Brice Turner, Appellants,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

April 12, 1983.

Donald R. Turner and Glenn B. Turner (trial), pro se and Mark S. Anderson (appeal) (Specially admitted to practice pursuant to Supreme Court Rule 7, sec. 19), Susan L. Kay (appeal), Nashville, for appellants.

William M. Leech, Jr., Atty. Gen., Kimberly J. Dean, Asst. Atty. Gen., Nashville, Charles S. Ramsey, Dist. Atty. Gen., Manchester, for appellee.

OPINION

WALKER, Presiding Judge.

Without response by the state, the appointment of counsel or an evidentiary hearing, the trial judge dismissed the inartfully drawn petitions for postconviction relief of Donald Ray Turner and Glenn Brice Turner. On direct appeal we affirmed on December 29, 1980, their convictions for bank robbery with imprisonment for 20 to 25 years. The supreme court denied permission to appeal.

Donald R. Turner filed his petition on October 16, 1981. The state did not respond. On February 11, 1982, Glenn Brice Turner filed a similar petition. Although the record shows no appointment of counsel for either petitioner, the file shows a copy of a letter dated February 12, 1982, from an attorney to Donald R. Turner saying that he had been contacted by the court to represent Turner and that he was awaiting word from the court as to his representation; that he understood that another attorney might be representing the petitioner. From this record, as we have indicated, no counsel was appointed by the trial court for either party. On February 13, 1982, the trial court dismissed Donald R. Turner's petition. By a similar order on February 19, 1982, he dismissed Glenn Brice Turner's petition.

On appeal both petitioners requested appointment of counsel from this court and we have appointed their present counsel. Since the issues raised are the same in both petitions, we consider the cases together.

In his order dismissing the petitions, the trial judge recognized that the appellants were raising the issue of the effectiveness of their counsel. He made no analysis of the numerous claims raised in the pro se petitions, merely disposing of them as being previously determined or waived in the trial or appellate court.

In considering an inartfully drawn petition and remanding the case for a hearing, our supreme court in *Baxter v. Rose*, 523

S.W.2d 930 at 939 (Tenn.1975), said that allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers, and the test is whether it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

In *Haynes v. State,* 637 S.W.2d 467 (Tenn.Cr.App.1982), we were faced with an inartfully drawn petition which the trial judge had dismissed without appointment of counsel and without requiring a response from the state. We remanded for compliance with the salutary provisions of our postconviction procedure act for consideration of such claims.

In *Parton v. State,* 483 S.W.2d 753 (Tenn.Cr.App.1972), we directed attention to the imperative nature of the statute. In reiterating the mandatory duties of the officials, we said:

"The state filed no response to the petition in the trial court as required by the postconviction procedure act. In *Brown v. State,* 1 Tenn.Cr.App. 462, 445 S.W.2d 669 (1969), we called attention to the importance of trial courts following the provisions of the act by requiring responsive pleadings and by making findings of fact and conclusions of law on all grounds presented with regard to each such ground in accordance with T.C.A. 40-3818.

"The trial judge should discuss or make a finding on all questions raised by a petition. See *Webb v. State,* Tenn.Cr. App., [4 Tenn.Cr.App. 723] 475 S.W.2d 228; *Little v. State,* Tenn.Cr.App., [4 Tenn.Cr.App. 175] 469 S.W.2d 537. When he dismisses without an evidentiary hearing, he has no evidence from which to find the facts. In such cases his order should show all grounds presented and his conclusions with regard to each of them. *Guy v. State,* [4 Tenn.Cr.App. 218] Tenn.Cr.App., 470 S.W.2d 28.

"Trial courts should make it clear that responsive pleadings are expected as of course. The postconviction procedure act requires the clerk to forward a copy of the petition to the district attorney general when the petition is filed. Judicial action may be postponed until the respondent has filed a response and the petitioner has had time to reply. The assistance of the district attorney general may be valuable to the trial judge, not only in understanding the nature and merit of the contentions, but also in bringing together the files and records in the case. It is necessary that the pleadings, files and records in the case which are before the court conclusively show that the petitioner is entitled to no relief before the trial court may order the petition dismissed. The record on which the trial judge bases his conclusions of law will facilitate appellate review. See A.B.A. Standards Relating to Post-Conviction Remedies, Sec. 4.2."

See also A.B.A. Standards for Criminal Justice, 2nd edition 1980, 22–4.2.

The United States Supreme Court in *Townsend v. Sain,* 372 U.S. 293, 314–315, 83 S.Ct. 745, 757–758, 9 L.Ed.2d 770, 787 (1963) said:

"(T)he possibility of legal error may be eliminated in many situations if the fact finder has articulated the constitutional standards which he has applied."

The courts have frequently stressed the mandatory requirement for written findings of fact and conclusions of law as to each ground presented. Among these cases: *State v. Gilley,* 517 S.W.2d 7 (Tenn. 1974); *Van Hoose v. State,* 634 S.W.2d 618 (Tenn.Cr.App.1981); *Grant v. State,* 542 S.W.2d 626 (Tenn.Cr.App.1975).

For the above reasons, we reverse the trial court's dismissal of these petitions and remand the cases to the trial court. Present counsel, Honorable Susan L. Kay, may file amended petitions in compliance with the requirements of T.C.A. 40-30-104.

Also, we call the district attorney general's attention to T.C.A. 40-30-114 which requires a response on his part to the petitions, and we point out that under that section if the petitions do not include

the records or transcripts that are material to the questions raised, then the duty falls on him to see that these items are included in the record. *Haynes v. State,* supra. Further, after the amended petitions, the state's responses, and all other pertinent pleadings and records are before the trial court, the court will grant an expeditious hearing, if the factual allegations so require. T.C.A. 40–30–109. Upon final disposition of the petitions, in any event, he will make the findings and conclusions on each ground presented as required by T.C.A. 40–30–118. *State v. Gilley,* supra; *Parton v. State,* supra. Any party that may be aggrieved by the trial court's rulings may then appeal to this court.

Reversed and remanded.

DWYER and DAUGHTREY, JJ., concur.