Bethel DAVIS, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Nashville.

March 14, 1984.

Permission to Appeal Denied by Supreme Court June 18, 1984.

Susan L. Kay, Vanderbilt Legal Clinic, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, Tom P. Thompson, Dist. Atty. Gen., Hartsville, for appellee.

OPINION

WALKER, Presiding Judge.

The petitioner, Bethel Davis, appeals from the denial of his petition for postconviction relief after an evidentiary hearing. We find that the trial judge and the district attorney general failed to perform the mandatory duties imposed upon them under the postconviction relief act, and we therefore remand for a proper hearing.

Davis is serving a ten to 15 year sentence for incest. We affirmed the conviction in the unreported opinion of *Bethel Davis v. State*, filed October 11, 1979, at Knoxville. Certiorari was denied by the supreme court December 31, 1979.

In his petition Davis alleged as his principal ground that his counsel had been ineffective and that his constitutional rights had thereby been denied him. At the hearing he waived a second issue, newly discovered evidence.

Davis contended in his petition and testified that his counsel had failed to investigate his case and failed to discover witnesses favorable to him or to call them. He testified as to these witnesses and one of them testified to favorable testimony she would have given had she been called.

█ The state did not call the attorney who represented Davis although he was apparently available. Instead, the state asked the trial judge to take judicial knowledge that the state always granted proper discovery when desired. The court improperly took judicial notice of this matter which is not a subject for such notice. The district attorney general announced and the court accepted his statement, "I'll assure you that the discovery was obtained by the defense attorney." This does not constitute proof. See *Trotter v. State*, 508 S.W.2d 808, 809 (Tenn.Cr.App.1974). The district attorney general presented no evidence to refute the petitioner's contentions.

In *Brown v. State*, 1 Tenn.Cr.App. 462, 445 S.W.2d 669 (1969), we called attention to the mandatory duties of the trial judge and the district attorney general in postconviction cases. In this case the district

attorney general failed to comply with T.C.A. 40–30–114. In *Parton v. State*, 483 S.W.2d 753 (Tenn.Cr.App.1972), we again directed attention to the imperative nature of the statute. We said:

"The state filed no response to the petition in the trial court as required by the postconviction procedure act. In *Brown v. State*, 1 Tenn.Cr.App. 462, 445 S.W.2d 669 (1969), we called attention to the importance of trial courts following the provisions of the act by requiring responsive pleadings and by making findings of fact and conclusions of law on all grounds presented with regard to each such ground in accordance with T.C.A. 40–3818.

"Trial courts should make it clear that responsive pleadings are expected as of course. The postconviction procedure act requires the clerk to forward a copy of the petition to the district attorney general when the petition is filed. Judicial action may be postponed until the respondent has filed a response and the petitioner has had time to reply. The assistance of the district attorney general may be valuable to the trial judge, not only in understanding the nature and merit of the contentions, but also in bringing together the files and records in the case. It is necessary that the pleadings, files and records in the case which are before the court conclusively show that the petitioner is entitled to no relief before the trial court may order the petition dismissed. The record on which the trial judge bases his conclusions of law will facilitate appellate review. See A.B.A. Standards Relating to Postconviction Remedies, Sec. 4.2."

See also A.B.A. Standards for Criminal Justice, 2nd edition 1980, 22–4.2.

The United States Supreme Court in *Townsend v. Sain*, 372 U.S. 293, at 314–315, 83 S.Ct. 745, 757–758, 9 L.Ed.2d 770, 787 (1963), said:

"(T)he possibility of legal error may be eliminated in many situations if the fact finder has articulated the constitutional standards which he has applied."

The courts have frequently stressed the mandatory requirement for written findings of fact and conclusions of law as to each ground presented. Among other cases: *State v. Gilley*, 517 S.W.2d 7 (Tenn. 1974); *Van Hoose v. State*, 634 S.W.2d 618 (Tenn.Cr.App.1981); *Grant v. State*, 542 S.W.2d 626 (Tenn.Cr.App.1975).

Also, we call the district attorney general's attention to T.C.A. 40–30–114 which requires a response on his part to the petitions, and we point out that under that section if the petitions do not include the records or transcripts that are material to the questions raised, then the duty falls on him to see that these items are included in the record. *Haynes v. State*, 637 S.W.2d 467 (Tenn.Cr.App.1982). Further, after the amended petitions, the state's responses, and all other pertinent pleadings and records are before the trial court, the court will grant an expeditious hearing, if the factual allegations so require. T.C.A. 49–30–109. Upon final disposition of the petitions, in any event, he will make the findings and conclusions on each ground presented as required by T.C.A. 40–30–118. *State v. Gilley*, supra; *Parton v. State*, supra. Any party that may be aggrieved by the trial court's rulings may then appeal to this court.

Before any evidence had been presented at the hearing, the trial judge held that the claim of ineffective counsel would be overruled because of his knowledge of counsel's ability and experience. At the conclusion of the hearing, the court announced:

"The Court has some remembrance of the trial, and more than anything, I have confidence in Mr. Bellar and his ability to conduct a trial. He is an excellent trial lawyer and he knows what witnesses should have been called and if they would have been beneficial to Mr. Davis, I'm sure he would have placed them on the stand."

In *Skinner v. State*, 4 Tenn.Cr.App. 447, 450, 472 S.W.2d 903, 904 (1971), we said:

"We have no right to dismiss a petition simply because it makes an allegation against a prominent member of the bar, however unlikely it may be that the allegations could be true."

In *State v. Craven*, 656 S.W.2d 872 (Tenn.Cr.App.1982), we held that when counsel is challenged and a postconviction relief hearing is held, the state should present the attacked counsel to show what occurred. See also *Garrett v. State*, 530 S.W.2d 98 (Tenn.Cr.App.1975). In *State v. Hopson*, 589 S.W.2d 952 (Tenn.Cr.App. 1979), we held that the trial judge was ill advised in proceeding without the testimony of original counsel.

We also call attention to the necessity of explicit findings of fact and conclusions of law on all grounds presented as required by T.C.A. 40–30–118.

The judgment is reversed and remanded to the trial court for a new hearing so that an adequate and full determination may be made on a complete record. *State v. Craven*, supra; *State v. Gilley*, supra. The trial judge and the district attorney general will comply with the mandatory requirements of the statute and the trial judge will make proper findings in accordance with T.C.A. 40–30–118.

TATUM and SCOTT, JJ., concur.