IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 22, 2003

## RONALD JEROME BUTLER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 96-C-1307     Seth Norman, Judge**

_____

**No. M2002-01870-CCA-R3-PC - Filed September 11, 2003**

_____

The petitioner, Ronald Jerome Butler, filed a petition for post-conviction relief in the Davidson County Criminal Court, alleging that he received the ineffective assistance of trial counsel. The post-conviction court denied the petition, and the petitioner contests this ruling on appeal. Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOE G. RILEY and JAMES CURWOOD WITT, JR., JJ., joined.

Matthew Mayo, Nashville, Tennessee, for the appellant, Ronald Jerome Butler.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Jon P. Seaborg, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

### I.  Factual Background

On June 25, 1997, the petitioner was found guilty by a jury in the Davidson County Criminal Court of aggravated kidnapping and aggravated robbery.[1]  Initially, the petitioner was sentenced on the aggravated kidnapping conviction to serve ten years incarceration in the Tennessee Department of Correction with potential release eligibility after service of thirty percent (30%) of his sentence. On the aggravated robbery conviction, the petitioner was sentenced to ten years incarceration with potential release eligibility after service of thirty percent (30%) of the sentence. The sentences were

---

[1] For a recitation of the facts underlying the petitioner's convictions, see State v. Ronald Jerome Butler, No. M1999-01034-CCA-R3-CD, 2000 WL 1141083, at *1 (Tenn. Crim. App. at Nashville, Aug. 11, 2000).

ordered to run consecutively. Subsequently, in compliance with Tennessee Code Annotated section 40-35-501(i)(2)(D) (1997) an amended judgment was entered, reflecting that the petitioner would be required to serve one hundred percent (100%) of his aggravated kidnapping sentence in confinement. The petitioner appealed his convictions and sentences to this court on direct appeal. On August 11, 2000, this court affirmed the petitioner's convictions and sentences. Our supreme court denied the petitioner's application for permission to appeal on February 20, 2001.

The petitioner timely filed a pro se petition for post-conviction relief on June 6, 2001, alleging, among other issues, that he had received the ineffective assistance of counsel. The post-conviction court appointed counsel to assist the petitioner and an amended petition for post-conviction relief was filed.

On May 28, 2002, the post-conviction court held a hearing on the petition. The petitioner was the only witness to testify at the hearing.[2] The petitioner claimed that trial counsel never informed him of the potential punishment he could receive if he were convicted of the offenses with which he was charged. Specifically, the petitioner complained that counsel never warned him that if he were convicted of aggravated kidnapping, he would be required to serve one hundred percent (100%) of the sentence imposed in confinement. Moreover, the petitioner stated that he believed that going to trial was his "only option" because counsel had never discussed the possibility of a plea agreement. The petitioner stated that if he had been aware that he would be required to serve one hundred percent (100%) of his sentence for aggravated kidnapping, "I mean, I think maybe it would be a lesser plea or something." The petitioner clarified that if he had been aware of the potential sentence, he would have attempted to plead guilty.

At the conclusion of the hearing, the parties stipulated that "if General Bailey was called, that his recollection is that he made an offer of 15 years to serve. Which would have been a 15 year, 100 percent sentence." After considering the foregoing evidence, the post-conviction court stated:

> Under Tenn. R. Crim. P. Rule 11, upon the approval of the trial court, a defendant may plead guilty to a charged offense. However, nothing states that the prosecution is required to provide a settlement of a lower offer than that for which is statutorily provided. Furthermore, had an agreement been reached, it is uncertain as to whether the Court would have accepted it. The contention that if petitioner knew the ramifications of [Tennessee Code Annotated section 40-35-501(i)(2)(D)], he would have attempted a guilty plea and received a better offer than that of which he was convicted, is somewhat specious in nature.

---

[2] The record reflects that trial counsel could not be located to testify at the post-conviction hearing.

In sum, the post-conviction court denied the petition, finding that the petitioner had not met his burden of establishing by clear and convincing evidence that counsel was deficient or that the petitioner was prejudiced by such deficiency. The petitioner now appeals.

## II. Analysis

To be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f) (1997). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.2 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, we afford the post-conviction court's findings of fact the weight of a jury verdict, with such findings being conclusive on appeal absent a showing that the evidence in the record preponderates against those findings. Id. at 578.

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). In Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001) (citations omitted), our supreme court explained the standard of review in cases of ineffective assistance of counsel:

> [A post-conviction] court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. However, a [post-conviction] court's *conclusions of law*--such as whether counsel's performance was deficient or whether that deficiency was prejudicial--are reviewed under a purely *de novo* standard, with no presumption of correctness given to the [post-conviction] court's conclusions.

"To establish ineffective assistance of counsel, the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)). In evaluating whether the petitioner has established a deficiency in representation, this court must determine whether counsel's performance was within the range of competence required of attorneys in criminal cases. See Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Moreover, in order to establish prejudice, the petitioner "'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Henley, 960 S.W.2d at 579 (quoting Strickland, 466 U.S. at 694, 104 S. Ct. at 2068)). We are not constrained to address these considerations in any particular order; in

fact, if the petitioner has failed to establish one prong of the test of the ineffectiveness of counsel, we need not address the other prong in our analysis. See Burns, 6 S.W.3d at 461.

The petitioner's sole complaint on appeal is that he would have attempted to plead guilty if counsel had informed him that he would be required to serve one hundred percent (100%) of his sentence in confinement if convicted of aggravated kidnapping. However, the proof adduced at the post-conviction hearing reflects that the petitioner stated that "maybe" he would have pursued plea negotiations if he had been aware that he would be required to serve one hundred percent (100%) of his sentence in confinement, testimony which the post-conviction court labeled "specious."

Moreover, the parties stipulated at the post-conviction hearing that the only plea offer that the State made to the petitioner prior to trial provided that the petitioner would plead guilty to aggravated kidnapping and agree to a sentence of fifteen years incarceration, with one hundred percent (100%) of the sentence to be served in confinement. This offer required a lengthier sentence of confinement than the sentence the petitioner received after being convicted. There is no indication in the record that the State would have been forthcoming with a more favorable plea agreement.

We recognize that counsel did not testify at the post-conviction hearing. We also acknowledge that when the issue is ineffective assistance of counsel, it is always preferable to have counsel testify at the hearing on the petition. See State v. Craven, 656 S.W.2d 872, 873 (Tenn. Crim. App. 1982); State v. Hopson, 589 S.W.2d 952, 954 (Tenn. Crim. App. 1979). However, even without the testimony of counsel to contradict the claims of the petitioner, the petitioner has failed to establish by clear and convincing evidence that he was prejudiced by the action or inaction of counsel. This issue is without merit.

### III.  Conclusion

Based upon the foregoing, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE

-4-