IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION

FILED

March 5, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,    *    C.C.A. # 03C01-9702-CC-00056

    Appellee,    *    RHEA COUNTY

VS.    *    Hon. J. Curtis Smith, Judge

MARTIN CONLEY,    *    (Pretrial Diversion)

    Appellant.    *

For Appellant:

J. Arnold Fitzgerald
Attorney at Law
P.O. Box 227
1470 Market Street
Dayton, TN 37321

For Appellee:

John Knox Walkup
Attorney General and Reporter

Michael J. Fahey, II
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Cordell Hull Building, Second Floor
Nashville, TN 37243-0490

James W. Pope, III
Asst. District Attorney General
Third Floor, First American Bank Building
Dayton, TN 37321

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

OPINION

The defendant, Martin Conley, was indicted for possession of over ten pounds of marijuana with intent to deliver or sell. See Tenn. Code Ann. § 39-17-417. After being denied his request for pretrial diversion by the state, the defendant filed a petition for certiorari in the trial court which was also denied. See Tenn. Code Ann. § 40-15-105(b)(3). In this interlocutory appeal, the defendant insists that the district attorney general abused his discretion by the denial of pretrial diversion and that the trial court erred by refusing to grant placement into the program. Tenn. R. App. P. 9.

We affirm the judgment.

The petition for certiorari, filed October 25, 1996, is attached as a part of the defendant's brief but is not a part of the record. See Price v. Mercury Supply Co., Inc., 682 S.W.2d 924, 929, n.5 (Tenn. App. 1984); Davis v. State, 673 S.W.2d 171, 173 (Tenn. Crim. App. 1984). The defendant claims that his social history, his lack of criminal record, and his amenability to rehabilitation support placement on pretrial diversion. A letter by the district attorney general denying the application for probation was not included in the record; however, the memorandum opinion entered by the trial court provides the reasons for denial:

> More than 19 pounds of marijuana was found in the defendant's storage unit. Defendant's explanation for the presence of the marijuana is that he rented the unit to someone else and that the marijuana belonged to that individual. The application for pre-trial diversion does not reveal the description or name of the alleged renter. Apparently the defendant maintained the key for the storage unit in his possession....
>
> [T]he defendant does have a criminal history during the 1980[']s which he failed to divulge in his application. He was convicted of felonious possession of a controlled substance in 1983. The Attorney General rightly points to the fact [that] granting pre-trial diversion ... with such a

2

large amount of drugs involved would depreciate the seriousness of the offense.

In summary, defendant's application reflects deception. He failed to list his complete criminal history and particularly, a prior conviction for felonious possession of a controlled substance. His application failed to reveal a description or a name of an individual he felt was trustworthy enough to be allowed use of his storage unit. Finally, the charge involves a large amount of marijuana and pre-trial diversion would depreciate the seriousness of this offense.

Initially, it is the duty of the appellant to file an adequate record in order to convey a fair, accurate, and complete account of what transpired with respect to the issues on appeal. State v. Hopper, 695 S.W.2d 530 (Tenn. Crim. App. 1985); State v. Jones, 623 S.W.2d 129 (Tenn. Crim. App. 1981). Without a fully developed transcript, this court must presume that the evidence supports the trial court's actions and rulings. State v. Baron, 659 S.W.2d 811, 815 (Tenn. Crim. App. 1983); State v. Taylor, 669 S.W.2d 694, 699 (Tenn. Crim. App. 1983). Here, because there is less than a complete record, this court is handicapped in its consideration of the primary issue.

We are guided by well-established principles. Whether to grant or deny an application for pretrial diversion is within the discretion of the district attorney general. Tenn. Code Ann. § 40-15-105; State v. Hammersley, 650 S.W.2d 352, 353 (Tenn. 1983); State v. Carr, 861 S.W.2d 850, 855 (Tenn. Crim. App. 1993). On a petition for certiorari after a refusal by the district attorney to grant pretrial diversion, the hearing conducted by the trial judge is limited to two issues:

(1) whether the accused is eligible for diversion; and

(2) whether the attorney general abused his discretion in refusing to divert the accused.

State v. Watkins, 607 S.W.2d 486, 488-89 (Tenn. Crim. App. 1980).

In making the initial determination, the district attorney must consider (1) the circumstances of the offense; (2) the defendant's criminal record; (3) the defendant's social history; (4) the defendant's physical and mental condition; (5) the deterrent effect of punishment upon other criminal activity; (6) the defendant's amenability to correction; (7) the likelihood that pretrial diversion will "serve the ends of justice" and the best interests of the defendant and the public; and (8) the defendant's "attitude, behavior since arrest, prior record, home environment, current drug usage, emotional stability, past employment, general reputation, marital stability, family responsibility, and attitude of law enforcement." State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993) (quoting State v. Markham, 755 S.W.2d 850, 852-53 (Tenn. Crim. App. 1988)). The nature and circumstances of the alleged offenses are not only appropriate factors to be considered upon application for diversion but may alone provide a sufficient basis for denial. Carr, 861 S.W.2d at 855; State v. Sutton, 668 S.W.2d 678, 680 (Tenn. Crim. App. 1984).

The circumstances of the case and a generalized need for deterrence, however, "cannot be given controlling weight unless they are 'of such overwhelming significance that they [necessarily] outweigh all other factors.'" Washington, 866 S.W.2d at 951 (emphasis and alteration in original) (quoting Markham, 755 S.W.2d at 853). Where there are no "such exceptional circumstances, 'the district attorney general must consider evidence which tends to show that the applicant is amenable to correction [by diversion] and is not likely to commit further criminal acts.'" Id. (alteration in original); see also State v. Winsett, 882 S.W.2d 806, 810 (Tenn. Crim. App. 1993).

In State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989), our supreme court expounded upon the duties of the district attorney general in making the initial

assessment:

> This requirement entails more than an abstract statement in the record that the district attorney general has considered these factors. He must articulate why he believes that a defendant in a particular case does not meet the test. If the attorney general bases his decision on less than the full complement of factors enumerated in this opinion he must, for the record, state why he considers that those he relies on outweigh the others submitted for his consideration.

"The decision of a district attorney general granting or denying pretrial diversion to an accused is said to be 'presumptively correct'; and the decision should not be set aside unless there has been a 'patent or gross abuse of prosecutorial discretion.'" State v. Perry, 882 S.W.2d 357, 360 (Tenn. Crim. App. 1994) (quoting Pace v. State, 566 S.W.2d 861, 870 (Tenn. 1978)). See State v. Pinkham, 955 S.W.2d 956, 957 (Tenn. 1997) (holding the district attorney must state "the factual basis and rationale for denying diversion"). Clearly, any appellant should always include the letter of denial in the record.

From the information available, it is apparent that the denial of this application for diversion must be upheld. See State v. Houston, 900 S.W.2d 712 (Tenn. Crim. App. 1995). Although the district attorney general's letter was not included in the record, the trial court made reference to three sound reasons for denying the application. A prior criminal history and lack of candor both suggest a lack of amenability to rehabilitation. The significant amount of marijuana found in the storage unit of the defendant presents a particularly aggravated circumstance.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
William M. Barker, Judge


_____
Curwood Witt, Judge