# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## JANUARY SESSION, 1997

| | | |
|---|---|---|
| **DONNIE LANE THOMPSON**, | ) | |
| | ) | No. 02C01-9602-CC-00059 |
| Appellant | ) | |
| | ) | HARDIN COUNTY |
| vs. | ) | |
| | ) | Hon. **C. CREED McGINLEY**, Judge |
| **STATE OF TENNESSEE**, | ) | |
| | ) | (Post-Conviction) |
| Appellee | ) | |

For the Appellant:

**WILLIAM JAY REYNOLDS**
Attorney for Appellant
611 Court Street
Savannah, TN 38372

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**LISA A. NAYLOR**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**G. ROBERT RADFORD**
District Attorney General

**JOHN OVERTON**
Asst. District Attorney General
Hardin County Courthouse
Savannah, TN 38372

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Donnie Lane Thompson, appeals as of right from the denial of his petition for post-conviction relief. In August, 1993, a Hardin County jury found the appellant guilty of aggravated burglary, aggravated assault, evading arrest, vandalism, assault, and escape.[1] As a result of these convictions, he is currently serving an effective sentence of twenty-one years in the Department of Correction. His convictions were affirmed on direct appeal to this court. State v. Donnie Lane Thompson, No. 02C01-9401-CC-00007. On March 2, 1995, the appellant, proceeding *pro se,* filed this petition for post-conviction relief. On March 10, the trial court appointed counsel to represent the appellant in the post-conviction proceedings. On September 11, 1995, the petition was denied.

On appeal, the appellant raises three issues. First, he argues that he received the ineffective assistance of counsel, alleging various areas of deficient performance. Second, he contends that the district attorney general failed to provide him with certain documents which impaired his post-conviction presentation. Finally, the appellant avers that the post-conviction judge abused his discretion in overruling the appellant's motion for recusal.

After a review of the record, we affirm the order of the post-conviction court denying the appellant relief.

---

[1] The appellant's convictions stem from five separate criminal episodes. See State v. Donnie Lane Thompson, No. 02C01-9401-CC-00007 (Tenn. Crim. App. at Jackson, May 11, 1994), perm. to appeal denied, (Tenn. Aug. 29, 1994). The convictions for aggravated burglary, aggravated assault, and vandalism resulted from the appellant's unlawful entry of the home of his ex-girlfriend, his assault upon her with a knife in the presence of their two children, and his destruction of her property. The assault conviction arose from the appellant's assault of his girlfriend at that time. The evading arrest and escape convictions involve separate criminal incidents with local law enforcement.

# I.  Post-Conviction Hearing

At the post-conviction hearing, the appellant testified to numerous areas wherein he contends that trial counsel's performance was deficient.  Specifically, he testified that trial counsel failed to object to the testimony of his two minor children who testified against him.  He alleged that their testimony at trial was tainted by their presence at the preliminary hearing.  Moreover, he stated that no challenge was made to the competency of his children who testified against him.  The appellant admitted, however, that he did not know the ages of his two children.[2]  He also testified that counsel failed to investigate pending charges against two witnesses, Laura Davis and Danny Ray, for purposes of impeachment.

Next, the appellant alleged that trial counsel failed to file a motion to sever the various counts of the indictment, and, consequently, breached confidential communications as to whether one witness, Barbara Cherry, wanted to press charges against Thompson on an unrelated case.  Additionally, although he argues that trial counsel failed to object to inaccuracies in the pre-sentence report regarding prior offenses, he did not challenge the accuracy of the report at the post-conviction hearing.  Also, he alleges that his trial counsel did not effectively voir dire the jury and that counsel permitted a juror to remain that was predisposed towards the prosecution.  He also complained that counsel failed to obtain a copy of potential jurors and failed to discuss the racial composition of the jury with him prior to trial.

Assistant Public Defender Richard DeBerry testified that he represented the appellant at the trial level.  He stated that he had seven years experience as

---

[2]The record reflects that, at the time of the trial, the appellant's children were ages twelve and fifteen.

3

a public defender. He conceded that his case load was heavy, yet, he maintained that this particular case was given sufficient attention. Specifically, he attested to meeting with the appellant regarding this case on numerous occasions. During these meetings, DeBerry informed the appellant of his constitutional rights.

Regarding the alleged charges against witnesses Laura Davis and Danny Ray, trial counsel testified that forgery charges were still pending when their testimony was presented, precluding impeachment under the rules of evidence. However, he did question Davis as to whether she had received any promise of leniency from the State for her testimony. Moreover, trial counsel related that the forgery charges against Davis and Ray arose from a joint enterprise and that Danny Ray was called as a defense witness. Concerning the testimony of the appellant's children, DeBerry indicated that the children had no problem in communicating.

DeBerry related that he did file a motion to sever in the instant case, however, after discussion with the appellant, decided to withdraw the motion for strategic reasons. Additionally, DeBerry explained that he habitually consults with clients regarding the exercise of jury challenges. Trial counsel testified that the appellant was satisfied with voir dire and that the two were in agreement as to the jury that was selected.

The post-conviction court denied the appellant's petition for relief.

## II. Ineffective Assistance of Counsel

Again, the appellant contends that he was denied effective representation

4

at the trial level due to his counsel's failure to (1) pursue a motion to sever the various counts of the indictment; (b) interview witnesses; (c) object to witnesses from testifying who were present but did not testify at the preliminary hearing; (d) object to the presentence report; and (e) explain voir dire and identify the racial mixture of the jury to the appellant.

When a petition challenges the effective assistance of counsel, the appellant has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984); State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn.), cert. denied, 493 U.S. 874, 110 S.Ct. 211 (1989); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of criminal defense attorneys. Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceeding would have been different. Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994). On post-conviction review, there is a strong presumption of satisfactory representation, Barr v. State, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995), and the appellant bears the burden to prove his allegations by a preponderance of the evidence. Taylor v. State, 875 S.W.2d 684, 686 (Tenn. Crim. App. 1993).

When this court undertakes review of a lower court's decision on a petition for post-conviction relief, the lower court's findings of fact are given the weight of a jury verdict and are conclusive on appeal absent a finding the evidence preponderates against the judgment. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978), cert. denied, 441 U.S. 947, 99 S.Ct. 2170 (1979) Taylor v. State, 875 S.W.2d 684, 686 (Tenn. Crim. App. 1993), perm. to appeal denied, (Tenn. 1994). In its order, the post-conviction court stated, after thorough

5

consideration of all allegations relating to ineffectiveness:

> In conclusion, the petitioner asserts myriad grounds which he suggests indicate ineffective assistance of counsel. The proof is overwhelming to the contrary. . . . None of the allegations, viewed separately or in their entirety, indicate trial counsel did not meet the standard demanded of attorneys in criminal cases or that his performance in any manner prejudiced the appellant.

The record supports the post-conviction court's finding. As such, the appellant has failed to meet his burden. This issue is without merit.

## II. Duty of the State to Furnish Relevant Portions of the Record in Post-Conviction Proceedings

Next, the appellant contends that the district attorney general's failure to include the preliminary hearing transcript, the transcript of voir dire, and police reports with the responsive pleadings, as mandated by the Post-Conviction Procedure Act, impaired his presentation at the post-conviction hearing.

Tenn. Code Ann. § 40-30-114 (1990) (repealed 1995) obligates the State to file those parts of the record relevant to the issues raised in the post-conviction petition. Allen v. State, 854 S.W.2d 873, 875 (Tenn. 1993); State v. Gilley, 517 S.W.2d 7 (Tenn. 1974). When ineffective assistance of counsel is raised, either the transcript or the testimony of trial counsel at the post-conviction hearing is essential to a determination of whether counsel's performance was deficient and prejudicial. See Bond v. State, No. 02C01-9412-CC-00274 (Tenn. Crim. App. at Jackson, June 7, 1995), perm. to appeal denied, (Tenn. Oct. 7, 1996); Rutherford v. State, No. 03C01-9306-CR-00186 (Tenn. Crim. App. at Knoxville, Dec. 6, 1994) (citations omitted). However, the appellant, in his brief, fails to specify how he was prejudiced from failure to receive the voir dire transcript, police reports, or preliminary hearing transcript. An issue is waived

when the appellant fails to articulate reasons to support a conclusory statement. Tenn. Ct. Crim. R. App. 10(b).

In the present case, the transcript of the preliminary hearing, miscellaneous police reports, and the trial transcript are included in the record before us. The appellant's trial counsel testified extensively at the post-conviction hearing. The purpose of the aforementioned material is not altogether clear from the appellant's brief. We assume that the relevance of these records is, at least in part, based upon the appellant's attempt to establish inconsistencies in the victim's testimony at trial from previous statements given. Our review reveals no material inconsistencies. Moreover, the purpose of the Post-Conviction Act is to determine whether there has been a deprivation of any constitutional right in the course of a trial. Davenport v. State, No. 02C01-9307-CC-00151 (Tenn. Crim. App. at Jackson, Feb. 8, 1995) (citations omitted). Thus, before relief may be granted, the appellant must demonstrate that he had been prejudiced by the tardy response of the State. Id. We find that, from the material included, the appellant has failed to establish deficient performance on behalf of his trial counsel. Moreover, the appellant has failed to establish prejudice resulting from the alleged noncompliance of the district attorney general. See Hellard v. State, No. 1110 (Tenn. Crim. App. at Knoxville, June 10, 1987), perm. to appeal denied, (Tenn. Sept. 14, 1987). Accordingly, this issue is without merit.

## IV. Motion for Recusal

In his last issue, the appellant avers that the post-conviction judge abused his discretion by refusing to recuse himself from hearing the post-conviction petition. Specifically, he alleges that the post-conviction judge's prior exposure

7

to the appellant in situations unfavorable to the appellant biased the outcome of the post-conviction hearing.

A trial judge should recuse himself whenever he has any doubt as to his ability to preside impartially in a criminal case, or whenever he believes his impartiality can reasonably be questioned, State v. Cash, 867 S.W.2d 741, 749 (Tenn. Crim. App. 1993); see also Lackey v. State, 578 S.W.2d 101, 104 (Tenn. Crim. App. 1978). Notwithstanding, the matter of recusal is left to the sound discretion of the trial court and will not be reversed on appeal unless clear abuse appears on the face of the record. Cash, 867 S.W.2d at 749; Caruthers v. State, 814 S.W.2d 64, 67 (Tenn. Crim. App. 1991). In the present case, the post-conviction judge, in overruling the motion, concluded that, although he had dealt with the appellant in the past, he experienced "no personal animosity, no reason to be biased or do anything other than rule as the evidence would call me to rule." We find no abuse of the trial court's discretion, thus, the appellant's contention is without merit. See State v. Hines, 919 S.W.2d 573, 578 (Tenn. 1995), cert. denied, -- U.S. --, 117 S.Ct. 133 (1996) (a judge is not *per se* disqualified because he presided over and made certain findings in a previous litigation).

## V. Conclusion

In a post-conviction proceeding, the appellant has the burden of proving the grounds raised in the petition by a preponderance of the evidence. State v. Clark, 800 S.W.2d 500, 506 (Tenn. Crim. App. 1990). The appellant, in the present case, has failed to so demonstrate. Moreover, the record supports the findings of fact by the post-conviction court. See Butler v. State, 789 S.W.2d 898, 899 (Tenn, 1990); Vermilye v. State, 754 S.W.2d 82, 84 (Tenn. Crim. App.

1987).  Accordingly, we affirm the judgment of the post-conviction court.  <u>See</u>

<u>Black v. State</u>, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).


_____
DAVID G. HAYES, JUDGE


CONCUR:


_____
JOE B. JONES, PRESIDING JUDGE


_____
THOMAS T. WOODALL, JUDGE

9