**Will Herbert GARRETT and Roger Dale Maupins, Petitioners,**

v.

**STATE of Tennessee, Respondent.**

Court of Criminal Appeals of Tennessee.

June 25, 1975.

Certiorari Denied by Supreme Court Nov. 3, 1975.

George E. Mudter, Jr., Nashville, for petitioners.

R. A. Ashley, Jr., Atty. Gen., Robt. E. Kendrick, Deputy Atty. Gen., Nashville, Edward M. Yarbrough, Asst. Dist. Atty. Gen., Nashville, for respondent.

WALKER, Presiding Judge.

### OPINION

After an evidentiary hearing, the trial judge found to be without merit the petitioners' claims for postconviction relief and dismissed their petition. We agree and affirm.

The petitioners, Will Herbert Garrett and Roger Dale Maupins, are serving life sentences for murder in the perpetration of robbery after their pleas of guilty in Davidson County Criminal Court on February 5, 1973. Maupins was represented by retained counsel and Garrett was represented by the public defender. They contend they did not have effective representation of counsel and that their attorneys told them that any sentence they received would be modified to not more than five years nor less than three years. They also say their counsel did not adequately investigate the case.

By their sole assignment of error, the petitioners insist that the court erred in dismissing their petition because the proof at the hearing established that their pleas of guilty were not knowingly and intelligently made upon the advice of competent counsel.

Maupins testified that his retained counsel conferred with him two or three times for five or ten minutes each and advised him to plead guilty for a life sentence and he would get the petitioner out in three to five years; if he went to trial he could get 99 years. Maupins said if he had known it would require 13 years and seven months he would not have entered the guilty plea. He acknowledged that he voluntarily signed the motion for a waiver of jury, voluntarily signed the plea of guilty and voluntarily signed the waiver of appeal. He says he swore falsely at the guilty plea hearing. He has an 11th grade education.

Maupins' mother testified the attorney said the amount of time her son would have to serve would be from six to eight years on the plea of guilty and that otherwise he could receive as much as 99 years on conviction or "fifty flat years"; and that was the primary reason she advised him to plead guilty. She also testified the attorney did not say that her son would have to serve only from three to five years.

Garrett testified his court-appointed attorney told him three to five years would have to be served on a life sentence; he would not have entered his guilty plea except on that expectation. He admitted signing the three waivers but only after he thought he could get out in three to five years. His mother testified the attorney told her the best thing for her son was to plead guilty for a life sentence; that he would only serve three to five years.

The state introduced the guilty plea proceedings at which the trial judge patiently explained the petitioners' rights, addressed them personally to determine that the pleas of guilty were voluntarily and knowingly entered, and that there was a factual basis for the pleas. The record of this proceeding complies with the guidelines laid down in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

The state called the assistant public defender who represented Garrett. This attorney testified he did not tell Garrett to plead guilty against his will or if he were not in fact guilty. He investigated Garrett's alibi defense but found it did not cover the time period; he explained the felony-murder rule to him; that he never advised this petitioner or anyone else that he would be eligible for parole in three to five years; that he and Maupins' attorney were together with the two defendants prior to the guilty pleas and nothing was said in his presence about a life sentence being served in three to five years.

██ Neither side called Maupins' retained attorney. When counsel, retained or appointed, is challenged as ineffective and a postconviction hearing is held, the state should present the attacked counsel to show what occurred. The standard now employed in Tennessee to measure the competence of counsel, retained or appointed, is the reasonably effective assistance standard. *Baxter v. Rose*, Tenn., 523 S.W.2d 930, released 1975, at Jackson. The "farce and mockery of justice" rule is no longer the standard and distinctions between retained and appointed counsel are abandoned.

While the trial judge's order and his remarks are more or less a finding of fact, we call attention to the necessity for explicit findings of fact and conclusions of law on all grounds presented as required by TCA 40–3818. See *State v. Gilley*, Tenn., 517 S.W.2d 7 (1974).

We have examined all of the proof and the pleadings in the case. From an examination of all the evidence, we find that neither attorney misled either petitioner into believing that a life sentence could be served in three to five years. We further find the attorneys rendered effective representation in accordance with the standards of *Baxter v. Rose*, supra, and that the pleas of guilty were voluntarily and knowingly entered on the advice of competent counsel.

The judgment of dismissal is affirmed.

MITCHELL and RUSSELL, JJ., concur.