# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### OCTOBER SESSION, 1998

FILED

March 9, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| A. D. BARKER, | ) | C.C.A. NO. 03C01-9604-CC-00177 |
| | ) | |
| Appellant, | ) | |
| | ) | SEVIER COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. WILLIAM R. HOLT, JR., JUDGE |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee. | ) | (POST-CONVICTION) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**ALAN R. FELTES**                    **JOHN KNOX WALKUP**
159 West Main Street, Suite 1          Attorney General & Reporter
Sevierville, TN  37862

**ELIZABETH B. MARNEY**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

**AL C. SCHMUTZER, JR.**
District Attorney General

**G. SCOTT GREEN**
Assistant District Attorney General
125 Court Avenue, Room 301-E
Sevierville, TN  37862

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, A. D. Barker, appeals the order of the Sevier County Circuit Court dismissing his petition for post-conviction relief. We affirm the judgment of the trial court.

In his original pro se petition, Petitioner complained that his sentence for aggravated robbery in Sevier County had been erroneously ordered to run consecutively with other sentences from convictions in Knox, Hawkins, and Hamblen counties, contrary to the specific provisions of his negotiated plea agreement. At the post-conviction hearing, the State agreed that an appropriate order should be entered to properly reflect the negotiated plea agreement that the sentence should be served concurrently with the prior convictions. However, on the date of the post-conviction hearing, Petitioner, through appointed counsel, filed an amended petition raising the issue of ineffective assistance of trial counsel. The only testimony at the post-conviction hearing was by Petitioner. Following the hearing, the trial court dismissed the petition for post-conviction relief insofar as it alleged ineffective assistance of trial counsel.

In this appeal, Petitioner raises the following issues: (1) was it error for the State not to produce a transcript of the guilty-plea hearing; (2) was it error for the State to fail to call Petitioner's trial counsel to testify at the post-conviction hearing; (3) was it error for the trial court not to state findings of fact and conclusions of law in its order; and (4) was it error for the trial court to find Petitioner's trial counsel

effective. Petitioner claims that the alleged errors require either a remand for a further evidentiary hearing or an order allowing him to withdraw his plea.

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899-900 (Tenn. 1990); Adkins v. State, 911 S.W.2d 334, 354 (Tenn. Crim. App. 1995). The trial court's findings of fact are afforded the weight of a jury verdict, and this Court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Dixon v. State, 934 S.W.2d 69, 72 (Tenn. Crim. App. 1996). This Court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the trial judge. Massey v. State, 929 S.W.2d 399, 403 (Tenn. Crim. App. 1996); Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Black v. State, 794 S.W.2d at 755. The burden of establishing that the evidence preponderates otherwise is on petitioner. Id.

I.

In his first issue, Petitioner claims that it was error for the trial court to dismiss his petition because the State failed to include the transcript from the guilty-plea hearing as part of the record.

The Post-Conviction Procedure Act of 1995, specifically Tenn. Code Ann. § 40-30-208(b), does not expressly **mandate** that the district attorney general obtain "records or transcripts, or parts of records or transcripts that are material to the

questions raised"; rather it **empowers** the district attorney general to do so. See Tenn. Code Ann. § 40-30-208(b). The filing of these records is now more permissive in that the district attorney general "**may** file them with the responsive pleading or within a reasonable time thereafter." Tenn. Code Ann. § 40-30-208(b) (emphasis added). In the previous codification of this section, these were clearly the mandatory responsibility of the district attorney general. See Tenn. Code Ann. § 40-30-114(b) (1990); Allen v. State, 854 S.W.2d 873, 875 (Tenn. 1993).

Tenn. Sup. Ct. R. 28, § 6, specifically address the obligation for procurement of material documentation. Within thirty (30) days of filing a petition or an amended petition, the judge to whom the case is assigned must review that petition and all documents to determine whether the petition states a colorable claim. In the event of a colorable claim, the judge shall enter a preliminary order which, among other things, "orders the state to respond and, if appropriate, to file with the clerk certain transcripts, exhibits, or records from the prior trial or hearing." Tenn. Sup. Ct. R. 28, § 6(B)(3)(d).

Before Petitioner testified, the post-conviction court, which saw the amended petition for the first time when the hearing began, requested a copy of the guilty plea hearing from the State. In response to this request, General Green explained:

> This was a case that was transcribed by Barbara Brooks before she left the employment of the State. I have had my investigators attempt to locate that tape, but to date it has not been found. I spoke with Ms. Noe and I also spoke with Ms. Kelly and both agree to type it could we simply find the tape, and we just haven't been able to find the tape. So we don't have the transcript of the plea hearing.

Counsel for Petitioner responded:

> Your Honor, I don't -- don't really believe Mr. Barker [Petitioner] is saying that there was any mistake made by the Court as far as his advisement of his rights. What he's saying is that he was -- it was an involuntary plea that -- it was made because of the reasons he will testify to, and that he didn't want to make the plea, but he did because of the situation he was in, so . . . And because of the ineffective assistance of Mr. Miller [Petitioner's trial counsel].

First, while a guilty plea transcript is generally necessary, we conclude that in this case, failure to provide the transcript was at most harmless. As discussed more fully in Issue IV, any error was harmless due to Petitioner's post-conviction testimony which indicated that his plea was voluntarily entered. See Lane v. State, 968 S.W.2d 912 (Tenn. Crim App. 1997); Hogan v. State, C.C.A. No. 01C01-9604-CC-0061, Dickson County (Tenn. Crim. App., Nashville, Mar. 13, 1997).

Secondly, the State explained why it did not have the tape and Petitioner then conceded that the transcript of the plea hearing was unnecessary to the resolution of his amended petition. Therefore, Petitioner has waived the issue and/or invited the deficiency that he now claims as error. Tenn. R. App. P. 36(a). Accordingly, Petitioner should not now be heard to claim that the transcript was "material and crucial to the issues raised by the petitioner." This issue is without merit.

II.

In his next issue, Petitioner claims that it was reversible error for the court to dismiss his petition when his trial counsel did not testify at the post-conviction hearing. In Garrett v. State, 530 S.W.2d 98 (Tenn. Crim. App. 1975), this Court pointed out that when counsel is challenged as ineffective, then the State should call the attacked counsel as a witness at the post-conviction hearing. However, the record before us is sufficient to enable us to resolve Petitioner's issues.

Furthermore, again it was not until the morning of the post-conviction hearing that appointed counsel filed the amended petition that alleged ineffective assistance of trial counsel. The State did not have the opportunity to call Petitioner's trial counsel to testify on such short notice. When the post-conviction court pointed out to Petitioner that the amended petition had not been included in the file and had not been reviewed, post-conviction counsel chose to go forward with the hearing anyway. Again, Petitioner's own actions led to the very deficiency that he now alleges is error. Tenn. R. App. P. 36(a).

### III. and IV.

In his last two issues, Petitioner argues that the trial court erred in not making findings of fact and conclusions of law on the record and that the trial court erred in denying his claim that his trial counsel was ineffective.

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2)

the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). In Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S. Ct. at 370.

Petitioner testified that his trial counsel had not adequately prepared himself to represent Petitioner, talking to Petitioner only two (2) times on the telephone and for an additional five (5) minutes in the courtroom before the negotiated plea was entered by Petitioner. Petitioner asserted that his trial counsel erroneously advised Petitioner that he was facing a possible sixty (60) year sentence. Petitioner further testified that his trial counsel failed to investigate Petitioner's medical condition at the time of the alleged offense as requested by Petitioner. Petitioner also testified that his trial counsel was aware of Petitioner's continuing severe medical problems, that Petitioner was not receiving proper medical treatment at the county jail prior to entry of the guilty plea, and that Petitioner had pled guilty only so that he could be sent to the penitentiary for proper medical treatment. Also, Petitioner asserted that his trial counsel did not investigate problems that the State had in its case regarding the identification of Petitioner by witnesses. Petitioner was extensively and thoroughly cross-examined by the prosecutor at the post-conviction hearing.

In ruling that the petition should be dismissed, the court determined that Petitioner had not carried his burden of showing that his guilty plea was coerced or otherwise involuntary by noting the following:

> He says he understood what I told him [in the plea hearing], and I'm very informal. A lot of times I talk too much; I ask too many questions. And he says he understood that. And these other things are -- well it's not -- burden of proof's not been carried. Petition in that respect is dismissed or denied.

Although the post-conviction court did not make extensive findings of fact pursuant to Tenn. Code Ann. § 40-30-211, the record is sufficient for this Court to find that the post-conviction court correctly dismissed the petition. See David Stovall v. State, C.C.A. No. 01C01-9401-CC-00022, Maury County (Tenn. Crim. App., Nashville, Jan. 5, 1995). A failure to state findings of fact and conclusions of law does not always require a reversal or a remand for further findings. State v. Swanson, 680 S.W.2d 487, 489 (Tenn. Crim. App. 1984).

Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), requires that the record affirmatively show that the defendant voluntarily and knowingly entered his guilty plea. Petitioner testified to the following at the post-conviction hearing:

> Q: (General Green) Just to make sure I understand you correctly, Mr. Barker, you admit and tell the Court now that His Honor went through all of your rights with you when you pled guilty?
>
> A: (Petitioner) Yes, he did.
>
> Q: And you understood what he was saying to you; is that correct:
>
> A: Yes, I did.

Q: You understand the fact that you had the right, that nobody could make you waive that right to a trial by jury; correct?

A: Yes.

Following this exchange, Petitioner further responded affirmatively to specific questions regarding specific rights that the court had explained and that Petitioner had waived, such as the right to testify before a jury. Petitioner also confirmed that he had pleaded guilty in cases in Hamblen, Hawkins and Knox counties, before pleading guilty to aggravated robbery. Petitioner conceded that he had 21 prior felony convictions before the robbery plea on December 1, 1993. As stated above, he also testified that he pled guilty to get medical attention and that after he got out of the hospital he knew he had "made a bad mistake."

Again, questions concerning the credibility of witnesses and the weight and value to be given their testimony are resolved by the trial court, not this court. See Black v. State, 794 S.W.2d at 755. Petitioner was the sole witness at the post-conviction hearing, and by dismissing his petition, the trial court did not find Petitioner's testimony to be credible. The record does not preponderate against the trial court's findings. This issue is without merit.

Accordingly, we affirm the trial court's dismissal of the petition.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge


_____
DAVID H. WELLES, Judge