IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 18, 2013

**ERNEST N. BOWEN v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Bedford County**
**No. 17488      Lee Russell, Judge**

**No. M2012-02305-CCA-R3-PC - Filed August 15, 2013**

The Petitioner, Ernest N. Bowen, appeals the Bedford County Circuit Court's denial of his petition for post-conviction relief from his three convictions for selling a Schedule II controlled substance and one conviction for one possessing a Schedule II controlled substance for resale and resulting effective fifteen-year sentence. On appeal, the Petitioner claims that he received the ineffective assistance of trial counsel, which resulted in his pleading guilty unknowingly and involuntarily. Based upon the record and the parties' briefs, we affirm the post-conviction court's denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Emeterio R. Hernando, Shelbyville, Tennessee, for the appellant, Ernest N. Bowen.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel, Robert Carter, District Attorney General; and Michael D. Randles and Richard Cawley, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The record reflects that in April 2011, the Petitioner was indicted in counts 1, 3, 5, and 9 for sale of a Schedule II controlled substance; in counts 2, 4, 6, and 10 for delivery of a Schedule II controlled substance; in count 7 for possession of a Schedule II controlled substance for resale; and in count 8 for possession of a Schedule II controlled substance for delivery, all Class C felonies. On June 17, 2011, the Petitioner pled guilty to counts 1, 3, 5,

and 7, and the remaining charges were dismissed. Pursuant to the plea agreement, the trial court sentenced the Petitioner as a Range III, persistent offender to fifteen years for each conviction to be served concurrently. According to the State's recitation of the facts at the guilty plea hearing, the four convictions resulted from a confidential informant's controlled buys of crack cocaine from the Petitioner on three separate occasions.

Subsequently, the Petitioner filed a timely petition for post-conviction relief, claiming that he received the ineffective assistance of trial counsel and that he pled guilty involuntarily. The post-conviction court appointed counsel and conducted an evidentiary hearing.

At the hearing, the Petitioner acknowledged that counts 1 and 2 were committed on March 10, 2009; counts 3 and 4 on April 2, 2009; counts 5, 6, 7, and 8 on April 15, 2009; and counts 9 and 10 on February 28, 2011. The Petitioner pled guilty to counts 1, 3, 5, and 7 and counts 9 and 10 were dismissed. At first, the Petitioner said he learned after his guilty plea hearing that counts 9 and 10 had been dismissed prior to the hearing on June 17, 2011. However, he then stated, "I have no idea when they [were] dismissed. All I know is they [were] dismissed." Post-conviction counsel informed the Petitioner that counts 9 and 10 were dismissed pursuant to his plea agreement and asked him, "Did you not understand that during the time you took the plea on June the 17th?" The Petitioner answered, "[N]o, I didn't." The Petitioner explained that he had a seventh grade education, that trial counsel should have explained the plea agreement to him, and that he did not know counts 9 and 10 were going to be dismissed. The Petitioner said that he had wanted to go to trial on the four counts to which he pled guilty because he knew he could "beat" the charges but that he "wasn't for sure" about counts 9 and 10. Had the appellant known that counts 9 and 10 were for the offenses committed on February 28, 2011, he would have gone to trial.

On cross-examination, the Petitioner acknowledged that he had enough prior felonies to be considered a career offender with a sixty-percent release eligibility. However, counsel negotiated an effective fifteen-year sentence to be served at forty-five percent.

The State did not present any witnesses. In a written order, the post-conviction court determined that the Petitioner was arguing he received the ineffective assistance of counsel because trial counsel failed to discover prior to his guilty pleas that counts 9 and 10 had been dismissed. The court concluded that the Petitioner failed to prove his claim because "[n]owhere in the court file in case number 17,193 is there a dismissal of counts 9 and 10 before June 17, 2011." The court did not address the voluntariness of the Petitioner's guilty pleas and denied the petition for post-conviction relief.

## II. Analysis

On appeal, the Petitioner contends that "[had he known] and understood that counts 9 and 10 were those offenses that were allegedly committed on February 28, 2011, he would have chosen to go to trial on all counts of the indictment rather than accept plea bargain." The Petitioner also contends that his receiving the ineffective assistance of counsel resulted in his guilty pleas being involuntary. The State contends that the Petitioner is not entitled to relief. We agree with the State.

To be successful in a claim for post-conviction relief, a petitioner must prove the factual allegations contained in the post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, the post-conviction court's findings of fact are entitled to substantial deference on appeal unless the evidence preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields, 40 S.W.3d at 458. However, we will review the post-conviction court's conclusions of law purely de novo. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Generally,

[b]ecause a petitioner must establish both prongs of the test, a

failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697). Moreover, in the context of a guilty plea, "the petitioner must show 'prejudice' by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial." Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998); see also Hill v. Lockhart, 474 U.S. 52, 59 (1985).

When a defendant enters a plea of guilty, certain constitutional rights are waived, including the privilege against self-incrimination, the right to confront witnesses, and the right to a trial by jury. Boykin v. Alabama, 395 U.S. 238, 243 (1969). Therefore, in order to comply with constitutional requirements a guilty plea must be a "voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). In order to ensure that a defendant understands the constitutional rights being relinquished, the trial court must advise the defendant of the consequences of a guilty plea, and determine whether the defendant understands those consequences. Boykin, 395 U.S. at 244.

In determining whether the petitioner's guilty pleas were knowing and voluntary, this court looks to the following factors:

> the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993).

Turning to the instant case, we initially note that the State did not call trial counsel as a witness. "We have observed on many occasions that original counsel, when available, should always testify in a post-conviction proceeding when there is an allegation that he was ineffective." State v. Hopson, 589 S.W.2d 952, 954 (Tenn. Crim. App. 1979). Moreover,

"the state should present the attacked counsel to show what occurred." <u>State v. Craven</u>, 656 S.W.2d 872, 873 (Tenn. Crim. App. 1982); <u>Garrett v. State</u>, 530 S.W.2d 98, 99 (Tenn. Crim. App. 1975). The State should have called trial counsel to testify about the Petitioner's allegations. Regardless, the post-conviction court noted there was no proof that counts 9 and 10 were dismissed prior to the Petitioner's guilty pleas.

We conclude that the Petitioner is not entitled to relief. The transcript of the Petitioner's guilty plea hearing shows that he advised the trial court that he was in good health and that he had not consumed any drugs or alcohol. The Petitioner stated that although he only completed the eleventh grade, he could read and write. The Petitioner acknowledged that he went over both sides of his guilty plea form with the public defender's office, that he understood the form, that counsel answered his questions about the form, and that he signed the form. The trial court explained all of the counts to the Petitioner, including counts 9 and 10, and that he was pleading guilty only to counts 1, 3, 5, and 7 in exchange for a fifteen-year sentence to be served at forty-five percent. The trial court asked the Petitioner several times if he understood, and the Petitioner answered yes. At the conclusion of the hearing, the trial court asked if the Petitioner was pleading guilty voluntarily and if he had any complaints about counsel's representation. The Petitioner answered yes and no, respectively. We note that the Petitioner acknowledged at the evidentiary hearing that he qualified as a career offender with a sixty percent release eligibility and that he received a benefit from his guilty plea agreement. Therefore, we conclude that the Petitioner has failed to demonstrate that he was prejudiced by trial counsel's deficient performance, if any, or that he pled guilty unknowingly and involuntarily.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE