IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 12, 2014

## ANTONIO DWAYNE JOHNSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Montgomery County**
**No. 40900303     John H. Gasaway, Judge**

---

## No. M2013-01919-CCA-R3-PC - Filed March 27, 2014

---

The Petitioner, Antonio Dwayne Johnson, appeals the Montgomery County Circuit Court's denial of his petition for post-conviction relief from his conviction of selling one-half gram or more of cocaine, a Class B felony, and resulting twelve-year sentence. On appeal, the Petitioner contends that he received the ineffective assistance of counsel. Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the appellant, Antonio Dwayne Johnson.

Robert E. Cooper, Jr., Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and John Finklea, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

We glean the following relevant facts from this court's direct appeal opinion of the Petitioner's convictions: On August 22, 2008, Anthony Botts, a confidential informant (CI), participated in a controlled drug buy with the Petitioner. State v. Antonio Dwayne Johnson, No. M2010-02086-CCA-R3-CD, 2012 Tenn. Crim. App. LEXIS 348, at *2 (Nashville, May

25, 2012). At trial, Botts testified that before the buy, he telephoned the Petitioner and arranged to buy crack cocaine from him. Id. About forty-five minutes later, Botts met the Petitioner on Roberts Street in Clarksville. Id. at *3. The Petitioner approached Botts's car, and Botts gave him $175 in exchange for a Styrofoam box that contained crack cocaine. Id. at **3-4. Botts admitted to the jury "that at the time of the transaction, he had been convicted of a sexual offense and was on the TBI's sex offender registry." Id. at 4. Three officers from the Clarksville Police Department's Major Crimes Unit testified that they participated in the buy and witnessed the transaction. See id. at **5-8. The jury convicted the Petitioner of selling one-half gram or more of cocaine, a Class B felony, and the trial court sentenced him as a multiple offender to twelve-years with a release eligibility of thirty-five percent. See id. at **1-2.

In the direct appeal of his conviction, the Petitioner argued that the evidence was insufficient to support the conviction because Botts was not credible. Id. at *10. This court rejected the Petitioner's argument and affirmed the conviction. Id. at *15. The Petitioner filed an application for permission to appeal to our supreme court, but that court denied his application. State v. Antonio D. Johnson, No. M2010-02086-SC-R11-CD, 2012 Tenn. LEXIS 705 (2012).

Subsequently, the Petitioner filed a timely pro se petition for post-conviction relief, arguing that he received the ineffective assistance of trial counsel. The post-conviction court appointed counsel, and counsel filed an amended petition, claiming that the Petitioner received the ineffective assistance of counsel because trial counsel failed to investigate the case adequately, failed to file a motion to suppress, failed to ask the trial court to dismiss the verdict as the thirteenth juror, and failed to investigate the Petitioner's prior criminal convictions in order to determine the Petitioner's proper sentencing range.

Relevant to this appeal, the Petitioner testified at the evidentiary hearing that at the time of the hearing, he was serving sentences for three convictions. Trial counsel was appointed from the public defender's office to represent him in this case. The Petitioner was on bond, and he and his wife met with counsel one time. The meeting lasted about twenty minutes and occurred in counsel's office. The Petitioner said that he and counsel did not discuss trial strategy or witnesses during the meeting but that counsel advised him that the State was offering to let him plead guilty in exchange for "ten years in the penitentiary and ten years on paper." The Petitioner said that he and his wife looked at each other and that he told counsel, "I will take it." However, counsel then told him that the State had withdrawn the offer and that "the DA don't want that no more, he wants twenty years in the penitentiary." The Petitioner said that only five to ten minutes had elapsed between the State's making and withdrawing the offer and that counsel did not offer an explanation for the withdrawal. The Petitioner was going to schedule another appointment with counsel, but

counsel told him that "we'll meet in court."

The Petitioner testified that during his only meeting with trial counsel, he told counsel to file a motion to suppress evidence but that counsel did not file any pretrial motions. He said that counsel should have investigated whether Botts's driver's license was valid and whether Botts's credibility was "any good." The Petitioner acknowledged that counsel cross-examined Botts at trial about being on the sexual offender registry. However, counsel should have questioned whether Botts, as a registered sex offender, was a reliable witness. Counsel also should have challenged audio and video recordings introduced into evidence at trial because the video showed only the "back of a black guy's head" and the audio included only Botts's part of the conversation. The Petitioner said that he viewed the video and heard the audio while he was in the county jail and that another attorney from the public defender's office provided him with the recordings.

On cross-examination, the Petitioner testified that he would have taken the State's plea offer "because I would have been out of the penitentiary system right now . . . , and I would have been with my family right now, if I took the ten/ten." However, the Petitioner would not have accepted an offer for twenty years in confinement. He acknowledged that the evidence against him in this case was "incredibly strong." The Petitioner said that when he tried to make another appointment with counsel, counsel told him that counsel "would see [him] in the courtroom tomorrow."

The Petitioner acknowledged that at trial, the State asked Botts if he was a convicted sex offender and had been convicted of sexual battery. The State also asked Botts if he had been paid for his work in this case. Trial counsel asked Botts on cross-examination about his prior convictions, being on the sex offender registry, and being paid by the Major Crimes Unit. Counsel also questioned Botts about his not paying income tax on the payments he received from the Major Crimes Unit in order to show Botts was dishonest. The Petitioner acknowledged that Botts's audio-recorded telephone call to set up the drug buy was a one-sided conversation but that the audio-recording of the drug buy was not. The Petitioner said that he pled guilty to aggravated robbery when he was seventeen or eighteen years old because he was guilty in that case but that "I am not going to plead guilty to nothing that I did not do." On redirect examination, the Petitioner testified that he did not plead guilty in this case because he did not commit the crime.

Clarksville Police Department Drug Agent Will Evans, who was a witness for the State at the Petitioner's trial, testified for the Petitioner that a portion of Botts's telephone conversation "only picked up Mr. Botts" but that "once there was actual contact made at the vehicle on Roberts Street . . . both sides of the conversation was picked up." He said he thought a photograph taken during the drug buy showed the Petitioner's face. Botts began

working as a CI for the police department in 2007, and Agent Evans worked with him in five or six buys involving three different buyers. Agent Evans said that Botts also worked for Wolf Auto Sales and Auto Glass but acknowledged that Botts's work for the police department was a significant part of Botts's income. Before trial, no one from the public defender's office interviewed Agent Evans. On cross-examination, Agent Evans testified that someone from the police department was watching Botts at all times during Botts's drug buy with the Petitioner.

The State did not present any witnesses. At the conclusion of the hearing, the post-conviction court noted that at trial, trial counsel had "attacked" Botts with his prior conviction involving sexual conduct and his being on the sex offender registry. The trial court also noted that counsel "challenged" Botts with regard to his being a paid CI and failing to report the payments to the Internal Revenue Service. The post-conviction court stated, "This Court's recollection of the trial and the cross-examination by [defense counsel] of Mr. Botts is not the same as Mr. Johnson's recollection." The court stated that the Petitioner had failed to show that trial counsel rendered deficient performance and that, in any event, due to the strength of the evidence against the Petitioner at trial, he had failed to show prejudice. The post-conviction court denied the petition for post-conviction relief.

## II. Analysis

On appeal, the Petitioner contends that he received the ineffective assistance of trial counsel because counsel never interviewed Agent Evans, had "sparse" meetings with him, "put off" his attempts to meet with counsel, did not discuss witnesses or trial strategy with him, and never filed motions to suppress as he requested. The State argues that the post-conviction court properly denied the petition for post-conviction relief. We agree with the State.

To be successful in a claim for post-conviction relief, a petitioner must prove factual allegations contained in the post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, the post-conviction court's findings of fact are entitled to substantial deference on appeal unless the evidence preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields, 40 S.W.3d at 458. However, we will review the post-conviction court's conclusions of law purely de novo. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Further,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697).

Initially, we note that the State failed to have trial counsel testify at the evidentiary hearing. As this court has repeatedly stated, "We have observed on many occasions that original counsel, when available, should always testify in a post-conviction proceeding when there is an allegation that he was ineffective." State v. Hopson, 589 S.W.2d 952, 954 (Tenn. Crim. App. 1979). Moreover, "the state should present the attacked counsel to show what occurred." State v. Craven, 656 S.W.2d 872, 873 (Tenn. Crim. App. 1982); Garrett v. State, 530 S.W.2d 98, 99 (Tenn. Crim. App. 1975). The State should have called trial counsel, if available, to testify about the Petitioner's allegations.

However, even without counsel's testimony at the post-conviction evidentiary hearing to contradict the Petitioner's claims, the Petitioner has failed to establish by clear and convincing evidence that counsel rendered deficient performance or that he was prejudiced by any deficiency. Regarding counsel's failure to interview Agent Evans, the Petitioner has not alleged how interviewing the agent would have helped his case. We note that the

Petitioner questioned Agent Evans at the evidentiary hearing and that the officer did not provide any information that would have been beneficial to the Petitioner at trial. As for counsel's failure to meet adequately with the Petitioner or discuss witnesses or trial strategy with him, the Petitioner has not named any additional witnesses that counsel could have presented at trial or explained what trial strategy counsel should have used to change the outcome of his case. We note that during the evidentiary hearing, the Petitioner testified that counsel should have raised Botts's credibility at trial. However, the Petitioner acknowledged that the State questioned Botts about his prior sexual crime, his being on the sex offender registry, and his being a paid CI. The Petitioner also acknowledged that trial counsel questioned Botts about his being a registered sex offender and his failing to pay income taxes on the payments he received from the police department. As the post-conviction court noted, trial counsel attacked Botts's credibility. As for counsel's failure to file pretrial motions to suppress evidence, the Petitioner has offered no legal basis for filing such motions. Therefore, we agree with the post-conviction court that the Petitioner has failed to demonstrate that counsel rendered deficient performance or that he was prejudiced by any deficiency.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the post-conviction court's denial of the petition.

_____
NORMA McGEE OGLE, JUDGE