IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 7, 2020

**JAMES SNIPES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 08-07885     Glenn Ivy Wright, Judge**

_____

**No. W2018-02225-CCA-R3-PC**

_____

The Petitioner, James Snipes, appeals the Shelby County Criminal Court's denial of his petition for post-conviction relief, seeking relief from his conviction of first degree felony murder and resulting life sentence. On appeal, the Petitioner contends that he received the ineffective assistance of trial counsel and that he is entitled to a second post-conviction evidentiary hearing due to post-conviction counsel's deficient performance at the first hearing. Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

James Jones, Jr., Bartlett, Tennessee, for the appellant, James Snipes.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

In December 2008, the Shelby County Grand Jury indicted the Petitioner for first degree premeditated murder, first degree felony murder committed during the perpetration of burglary, aggravated burglary, and employing a firearm during the commission of a dangerous felony. At trial, the proof showed that on the morning of August 2, 2008, neighbors of Charles Beegle, Jr., heard gunshots and found him lying in a pool of blood at the edge of his carport. See State v. James Snipes, No. W2011-02161-

CCA-R3-CD, 2013 WL 1557367, at *3 (Tenn. Crim. App. at Jackson, Apr. 12, 2013), perm. app. denied, (Tenn. Sept. 13, 2013). He had been shot in the head, left shoulder, and chest. Id. at *4. The police and the victim's son were summoned to the home, and the victim's son discovered that someone had forced open the sliding glass door in the living room and had "rummaged through" the residence. Id. at *1, 2. The victim's son also discovered that marijuana and money were missing from the victim's bedroom dresser. Id. at *2. Darrell Sebring, a neighbor of the victim, testified at trial that on the evening of July 31, 2008, he and the victim were standing on the victim's front porch when the Petitioner rode by and asked if the victim "'had anything,'" meaning marijuana. Id. The victim denied having any marijuana, and the Petitioner drove away. Id. The Petitioner's mother and the victim had dated previously, and Sebring said the Petitioner's mother had lived with the victim for a couple of months. Id.

Soon after the shooting, the police developed the Petitioner, John Smith, and Lujuan Jesus as suspects. Id. at *5. On the afternoon of August 2, a police officer saw the Petitioner driving a truck and chased the truck through a residential neighborhood. Id. at *4. The Petitioner jumped out of the vehicle, and the police officer captured him on foot. Id. A semi-automatic handgun, a second handgun loaded with .380-caliber bullets, and the victim's cellular telephone were in the truck. Id. at *4, 5. After interviewing Jesus, the police also recovered a .38-caliber revolver. Id. at *5.

Shell casings found at the crime scene were consistent with having been fired from one of the guns in the truck. See id. at *1. The police found a cigarette butt seventy-two feet from the victim's body, and DNA on the cigarette butt matched the Petitioner's DNA. Id. at *3, 4. Moreover, the Petitioner had a small bloodstain on his shorts at the time of his arrest. Id. at *5. The police interviewed the Petitioner, and he admitted that he and one of his codefendants entered the victim's home while another codefendant served as a "'lookout.'" Id. at *5. The Petitioner also admitted that he was armed with a .25-caliber pistol and that he took marijuana and money before the victim realized the Petitioner and his codefendant were inside the home. Id. The Petitioner claimed that he shot the victim three times because the victim grabbed him and that his codefendant shot the victim in the head with the .38-caliber revolver. Id. The Petitioner said that he intended to take the victim's money and marijuana but that he did not intend to harm the victim. Id. at *6. One of the Petitioner's codefendants, John Smith, told the police that he entered the victim's home with the Petitioner, that the victim chased the Petitioner, and that the Petitioner shot the victim to get away from the victim. Id. Smith said he shot the victim in the head with Jesus's .38-caliber revolver. Id.

Based on the evidence, the jury convicted the Petitioner of first degree felony murder as charged in the indictment; second degree murder, a Class A felony, as a lesser-included offense of first degree premeditated murder; employing a firearm during the

commission of a dangerous felony, a Class C felony, as charged in the indictment; and aggravated criminal trespass of a habitation, a Class A misdemeanor, as a lesser-included offense of aggravated burglary. After a sentencing hearing, the trial court merged the murder convictions and sentenced the Petitioner to life. The trial court sentenced the Petitioner to six years for employing a firearm during the commission of a dangerous felony and eleven months, twenty-nine days for aggravated criminal trespass of a habitation and ordered that the Petitioner serve the sentences concurrently with the life sentence.

On appeal to this court, the Petitioner argued that his convictions of first degree felony murder and aggravated criminal trespass were mutually exclusive verdicts and, therefore, that his conviction of first degree felony murder must be dismissed. Id. at *7. This court disagreed, concluding that the verdicts were not mutually exclusive. Id. at *8. However, this court concluded that the jury's finding the Petitioner guilty of first degree felony murder but not guilty of aggravated burglary were inconsistent verdicts. Id. at *9. Nevertheless, this court affirmed the Petitioner's conviction of first degree felony murder, stating that "we will not speculate about the jury's reasoning because the evidence supports findings of guilt with regard to both offenses." Id.

The Petitioner filed a timely pro se petition for post-conviction relief, claiming that he received the ineffective assistance of trial counsel. The post-conviction court appointed counsel, and counsel filed an amended petition. In the amended petition, the Petitioner alleged that trial counsel was deficient because trial counsel "failed to properly and adequately argue against the inconsistent verdict[s] rendered by the jury in this trial." Specifically, the Petitioner claimed that after the jury rendered inconsistent verdicts, trial counsel "should have immediately addressed the [trial] Court and had the erroneous verdict rectified as the thirteenth juror." Regarding prejudice, the Petitioner argued that trial counsel's "[f]ailure to make this simple argument or otherwise correct this" resulted in the Petitioner's receiving an illegal or void sentence.

At the evidentiary hearing, the Petitioner testified that after the jury convicted him of first degree felony murder but acquitted him of aggravated burglary, trial counsel did not consult with the Petitioner about the verdicts and "just proceeded to doing his thing." Trial counsel did not talk with the Petitioner about the issues of mutually exclusive verdicts or inconsistent verdicts. Trial counsel also did not talk with the Petitioner about the Petitioner's sentence for first degree felony murder being void or illegal, and the trial court did not address whether the first degree felony murder conviction could stand without a conviction for the underlying felony. Trial counsel raised the issues in the Petitioner's motion for new trial, but the Petitioner "didn't have no input in it." The Petitioner said that if he had known his sentence for first degree murder may have been void, he would have wanted trial counsel to raise that issue in the trial court.

- 3 -

On cross-examination, the Petitioner testified that trial counsel told him that one of his murder convictions was going to be dismissed. Trial counsel did not talk with the Petitioner about merging the murder convictions. The Petitioner said that he was dissatisfied with trial counsel's representation because "[there] must be a felony before [there] can be a felony murder." The Petitioner was convicted of a misdemeanor.

At the conclusion of the hearing, the State advised the trial court that "I normally would call counsel, Your Honor, but at this point, if the only issue we're discussing is the issue that's been addressed by the appellate court, we would make a motion at this point to dismiss." The State did not present any proof.

In a written order, the post-conviction court denied the petition for post-conviction relief, stating as follows:

> The only issue that Petitioner offered evidence to support was the issue concerning his conviction of felony murder despite being acquitted [of] the underlying felony. The only evidence offered was the testimony of Petitioner. Petitioner, by and through counsel, argued that this is not the same issue as the one decided on direct appeal because they are not arguing that the verdicts are mutually exclusive or inconsistent, but are instead simply void on their face. This is the same issue as was decided on direct appeal. The issue of whether Petitioner's convictions for felony murder and for aggravated criminal trespass should stand is the same. Because that issue has already been decided on direct appeal, Petitioner is not entitled to post-conviction relief.

## II. Analysis

On appeal, the Petitioner contends that the trial court erred by failing to perform its duty as the thirteenth juror when the jury convicted him of first degree felony murder but did not convict him of an enumerated offense in the felony murder statute and that he received the ineffective assistance of counsel because trial counsel failed to request that the trial court perform its duty as the thirteenth juror. In a related argument, the Petitioner contends that trial counsel should have argued to the trial court and in this court on direct appeal of his convictions that his felony murder conviction was void because the offense "is not a stand-alone offense." Finally, the Petitioner contends that he is entitled to a second evidentiary hearing because post-conviction counsel was ineffective for failing to call trial counsel as a witness at the first hearing. The State asserts that the Petitioner is not entitled to relief because his claims are "simply a repeat of what he already litigated before this Court." However, we think that the Petitioner's

post-conviction issues are distinguishable from the claims of mutually exclusive and inconsistent verdicts that he raised on direct appeal of his convictions. That said, we agree with the State that the Petitioner is not entitled to relief.

"Relief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. To be successful in a claim for post-conviction relief, a petitioner must prove the factual allegations contained in the post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40-30-110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, the post-conviction court's findings of fact are entitled to substantial deference on appeal unless the evidence preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields, 40 S.W.3d at 458. However, we will review the post-conviction court's conclusions of law purely de novo. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Further,

[b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny

- 5 -

relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697).

As to the Petitioner's claim that the trial court erred by failing to perform its duty as the thirteenth juror and that trial counsel was ineffective for failing to request that the trial court perform its duty as the thirteenth juror, Tennessee Rule of Criminal Procedure 33(d), provides that "[t]he trial court may grant a new trial following a verdict of guilty if it disagrees with the jury about the weight of the evidence." When weighing the evidence, the trial court views the evidence like a juror, including determining the credibility of witnesses. State v. Ellis, 453 S.W.3d 889, 899 (Tenn. 2015). Notably, "a judge exercising thirteenth juror function, like a juror, is not required to give any reason for the action." State v. Dankworth, 919 S.W.2d 52, 58 (Tenn. Crim. App. 1995). Our supreme court has explained that "when the trial judge simply overrules a motion for new trial, an appellate court may presume that the trial judge has served as the thirteenth juror and approved the jury's verdict." State v. Carter, 896 S.W.2d 119, 122 (Tenn. 1995).

Our review of the direct appeal record shows that although trial counsel did not ask the trial court immediately after the jury's verdicts to perform its duty as the thirteenth juror, trial counsel alleged in the Petitioner's motion for new trial that the trial court should grant a new trial pursuant to Tennessee Rule of Criminal Procedure 33(d). Furthermore, trial counsel alleged in the motion for new trial and argued at the hearing on the motion that the Petitioner's first degree felony murder conviction was "improper" because the jury acquitted the Petitioner of the underlying felony. Therefore, we conclude that trial counsel was not deficient.

The trial court overruled the motion for new trial. Thus, the trial court acted as the thirteenth juror and approved the jury's verdicts. This court has observed that when the trial court has approved a verdict as the thirteenth juror, as it did in this case, our appellate review is then limited to determining the sufficiency of the evidence. See State v. Burlison, 868 S.W.2d 713, 719 (Tenn. Crim. App. 1993). Trial counsel did not argue on direct appeal of the Petitioner's convictions that the evidence was insufficient to support the first degree felony murder conviction. In addressing the Petitioner's claim of inconsistent verdicts on direct appeal of his convictions, though, this court stated as follows:

The proof established that the Defendant entered the victim's home without the victim's consent, that he took marijuana, money, and a cell phone, and that he shot the victim. The money, drugs, and cell phone were found in

the truck the Defendant was driving immediately after the shooting. Shell casings found at the crime scene were consistent with being fired from the firearms found in the truck. Likewise, the Defendant's DNA was found on a used cigarette near the victim's body. We conclude that the evidence is sufficient to support the Defendant's convictions for felony murder during the commission of an aggravated burglary and aggravated criminal trespass. Although the verdicts are "seemingly inconsistent," we will not speculate about the jury's reasoning because the evidence supports findings of guilt with regard to both offenses. See [Wiggins v. State, 498 S.W.2d 92, 93-94 (Tenn. 1973)]. The Defendant is not entitled to relief.

Here, this court found the evidence sufficient to support the Petitioner's conviction of first degree felony murder despite the fact that the jury, for whatever reason, chose not to convict him of aggravated burglary. Accordingly, we conclude that the Petitioner also has failed to show prejudice.

The Petitioner contends that he is entitled to a second evidentiary hearing because post-conviction counsel was ineffective for failing to call trial counsel as a witness at the first hearing. As this court has repeatedly stated, "We have observed on many occasions that original counsel, when available, should always testify in a post-conviction proceeding when there is an allegation that he was ineffective." State v. Hopson, 589 S.W.2d 952, 954 (Tenn. Crim. App. 1979). Furthermore, "the state should present the attacked counsel to show what occurred." State v. Craven, 656 S.W.2d 872, 873 (Tenn. Crim. App. 1982); Garrett v. State, 530 S.W.2d 98, 99 (Tenn. Crim. App. 1975).

As stated above, trial counsel raised the thirteenth juror issue in the motion for new trial. Trial counsel also alleged in the motion for new trial that the first degree murder conviction could not stand alone and that the evidence was insufficient to sustain the conviction. Although trial counsel did not raise the stand-alone claim or sufficiency in this court, this court found the evidence sufficient to support the Petitioner's conviction of first degree felony murder. Therefore, even without trial counsel's testimony at the post-conviction evidentiary hearing to contradict the Petitioner's claims, we can conclude that the Petitioner has failed to establish by clear and convincing evidence that he is entitled to relief. Accordingly, a second evidentiary hearing is not necessary.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

_____
NORMA MCGEE OGLE, JUDGE